UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LUIS COBARRUBIA,

    Petitioner,

v.                                                                                                       Civ. No. 23-0472-KG/GJF

FNU STEPHENSON, *et al*,

    Respondents.


**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Petitioner Luis Cobarrubia's Habeas Petition Under 28 U.S.C. § 2254 [ECF 1] (Petition).  Petitioner challenges his state convictions based on, inter alia, ineffective assistance of counsel and double jeopardy principles.  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Cobarrubia to show cause why the Petition should not be dismissed as untimely.

BACKGROUND

    Cobarrubia challenges judgments in two state criminal cases that were not consolidated.[1] The procedural history is taken from the Petition and Cobarrubia's state criminal dockets, which are subject to judicial notice.  *See* Case Nos. D-307-CR-2010-637; D-307-CR-2011-762; S-1-SC-39231; and S-1-SC-39278; *see also Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

    On May 14, 2013, Cobarrubia entered into a Repeat Offender Plea and Disposition

---

[1] A petitioner may challenge multiple convictions in one federal habeas petition where, as here, the convictions were entered by the same court.  *See* Habeas Corpus Rule 2(e).  Cobarrubia's state judgments were both entered in New Mexico's Third Judicial District Court.

Agreement in Case Nos. D-307-CR-2010-637 and D-307-CR-2011-762 (when cited together, the "Related State Cases"). Cobarrubia pled no contest to three counts of kidnapping, three counts of criminal sexual penetration, and three counts of aggravated battery. State Judge Fernando Macias sentenced Cobarrubia to 36 years imprisonment - with 8 years suspended - in Case No. D-307-CR-2010-637. *See* Judgment and Order Partially Suspending Sentence in D-307-CR-2010-637 (hereinafter, the "First Judgment"). The First Judgment was entered on July 29, 2013. *Id.* State Judge Douglas Driggers sentenced Cobarrubia to 54 years imprisonment - with 36 years suspended - in Case No. D-307-CR-2011-762. *See* Judgment and Order Partially Suspending Sentence in D-307-CR-2011-762 (hereinafter, the "Second Judgment"). The Second Judgment was entered on December 30, 2013. *Id.*

The Related State Cases reflect that Cobarrubia did not file a direct appeal in either case. The First Judgment therefore became final no later than August 29, 2013 (*i.e.,* the first business day following expiration of the 30-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). The Second Judgment became final no later than January 30, 2014. *Id.*

There was no activity in the Related State Cases during the following year. On May 28, 2015, Cobarrubia filed a state habeas petition in each case. *See* Petition for Writ of Habeas Corpus in the Related State Cases. The state trial court dismissed the habeas petition on October 28, 2015, as it relates to Case No. D-307-CR-2010-637. *See* Order Dismissing Petition in D-307-CR-2010-637. The state trial court also initially returned the state habeas petition in Case No. D-307-CR-

2011-762 on June 26, 2015. *See* Order Returning Petition in D-307-CR-2011-762. Cobarrubia continued to seek habeas relief in the Related State Cases, but each petition was denied. *See* Related State Cases. In 2022, Cobarrubia sought mandamus relief and certiorari relief from the New Mexico Supreme Court (NMSC). *See* Petitions in S-1-SC-39231; and S-1-SC-39278. The NMSC denied both requests. *See* Order Denying Petition, entered July 14, 2022 in S-1-SC-39231 (mandamus proceeding); Order Denying Petition, entered June 2, 2022 in S-1-SC-39278 (state habeas proceeding).

Cobarrubia filed the instant § 2254 Petition [ECF 1] on May 31, 2023. He alleges counsel provided ineffective assistance and that his convictions violate double jeopardy principles. Cobarrubia paid the $5.00 habeas filing fee, and the Petition is ready for *sua sponte* review pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Generally, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

3

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Cobarrubia challenges two separate criminal judgments. The First Judgment became final no later than August 29, 2013, and the Second Judgment became final no later than January 30, 2014. For simplicity, the Court assumes the one-year period started running on January 30, 2014, when all convictions were final. *See Locke v. Saffle*, 237 F.3d at 1271-1273. There was no discernible tolling activity during the next year. *See* Related State Cases. The one-year period therefore expired no later than January 30, 2015. Any state habeas petitions filed after that date did not - as Cobarrubia may believe - restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[2]

---

[2] The Supreme Court created one exception to this general rule. *Jimenez v. Quarterman* holds that a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Cobarrubia never obtained state habeas relief, and his direct appeal period was never reopened.

4

For these reasons, Cobarrubia must show cause in writing why the Petition should not be dismissed as time barred.  The show-cause response is due within thirty (30) days of entry of this ruling.  It must include all arguments regarding the statute of limitations.  The Court may decline to consider arguments regarding procedural defects that appear in the Petition; those arguments are difficult to discern and are intermingled with a discussion of the merits.  The failure to timely respond and overcome the time-bar may result in dismissal of the habeas action with prejudice and without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Cobarrubia must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE