## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LUIS COBARRUBIA,

      Petitioner,

v.                                                                                    Civ. No. 23-0472-KG-GJF

FNU STEPHENSON, *et al*,

      Respondents.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Petitioner Luis Cobarrubia's Habeas Petition Under 28 U.S.C. § 2254.   (Doc. 1) (Petition).   Petitioner challenges his 2013 state convictions based on, inter alia, ineffective assistance of counsel and double jeopardy principles.   The Court previously directed him to show cause why his Section 2254 Petition should not be dismissed as time-barred. Having reviewed the Response (Doc. 8) and applicable law, the Court concludes the Petition is time-barred by over eight years.   The Court will dismiss the Petition pursuant to Habeas Corpus Rule 4.

I.   Background

      Petitioner challenges judgments in two state criminal cases that were not consolidated,[1] Case Nos. D-307-CR-2010-637 and D-307-CR-2011-762 (when cited together, the "Related State Cases").   The procedural history is taken from the Petition (Doc. 1) and Petitioner's state criminal dockets, which are subject to judicial notice.   *See* Related State Cases; S-1-SC-39231;

---

[1] A petitioner may challenge multiple convictions in one federal habeas petition where, as here, the convictions were entered in the same court.   *See* Habeas Corpus Rule 2(e).   Petitioner's state judgments were both entered in New Mexico's Third Judicial District Court.

and S-1-SC-39278; *see also Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

On May 14, 2013, Petitioner entered into a Repeat Offender Plea and Disposition Agreement in each of the Related State Cases.   Petitioner pled no contest in each Related State Case to separate counts of kidnapping; criminal sexual penetration; and aggravated battery. (Doc. 1) at 2.   The two cases involve different victims and dates, even though the counts are the same in each case.   *Compare* Repeat Offender Plea and Disposition Agreement in Case No. D-307-CR-2010-637 *with* Motion to Sever Counts in Case No. D-307-CR-2011-762.   State Judge Macias sentenced Petitioner to 36 years imprisonment - with 8 years suspended - in Case No. D-307-CR-2010-637.   (Judgment and Order Partially Suspending Sentence) in D-307-CR-2010-637 (hereinafter, the "First Judgment").   The First Judgment was entered on July 29, 2013.   *Id.* State Judge Driggers sentenced Petitioner to 54 years imprisonment - with 36 years suspended - in Case No. D-307-CR-2011-762.   (Judgment and Order Partially Suspending Sentence) in D-307-CR-2011-762 (hereinafter, the "Second Judgment").   The Second Judgment was entered on December 30, 2013.   *Id.*

Petitioner did not file a direct appeal in either case.   (Docket Sheet) in Related State Cases.   The First Judgment therefore became final no later than August 29, 2013, after expiration of the 30-day state appeal period.   *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of Section 2254, the conviction becomes final upon the expiration of the direct appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).   The Second Judgment became final no later than January 30, 2014.   *Id.*

There was no activity in the Related State Cases during the following year. (Docket Sheet) in Related State Cases. On May 28, 2015, Petitioner filed a state habeas petition in each case. *Id*. The state trial court entered an Order in each Related State Case on June 26, 2015. (Order Returning Petition) in the Related State Cases. Petitioner's state habeas petitions were returned on the ground that his claims for involuntary plea and ineffective counsel lacked factual detail but granted leave to file a revised state petition within 45 days. *Id*. Petitioner responded in Case No. D-307-CR-2010-637 by requesting counsel but did not respond in Case No. D-307-CR-2011-762. The state trial court denied habeas relief by an Order entered October 28, 2015. (Order Dismissing Petition) in D-307-CR-2010-637.

Nearly six years passed with no additional filings in the Related State Cases. (Docket Sheet) in Related State Cases. On September 7, 2021, Petitioner a Motion to Produce the Court File in Case No. D-307-CR-2011-762. *Id*. He filed another state habeas petition the following month on October 12, 2021 in Case No. D-307-CR-2010-637. *Id*. The State Public Defender's Office conducted a pre-appointment review, assuming the habeas claims apply in both cases, and declined to pursue an order of appointment. (Notice of Review) in Related State Cases. The state trial court summarily dismissed the second state habeas petition in both cases on February 14, 2022. (Order of Dismissal) in the Related State Cases. In 2022, Petitioner sought mandamus relief and certiorari relief from the New Mexico Supreme Court (NMSC). (Petitions for Relief) in S-1-SC-39231 and S-1-SC-39278. The NMSC denied both requests. (Order Denying Petition) entered July 14, 2022 in S-1-SC-39231 (mandamus proceeding); (Order Denying Petition) entered June 2, 2022 in S-1-SC-39278 (state habeas proceeding).

Petitioner filed the instant Section 2254 proceeding on May 31, 2023. (Doc. 1). He

3

alleges counsel provided ineffective assistance, and his convictions violate double jeopardy principles.   He may also raise a claim for involuntary plea.   By a ruling entered August 28, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined it is plainly time-barred.   (Doc. 5) (Screening Ruling).   Petitioner was permitted to file a response showing cause, if any, why the Petition should not be dismissed.   The Screening Ruling warns that such response must include all tolling arguments Petitioner intends to raise.   Petitioner filed a show-cause Response (Doc. 8) and Motion to Appoint Counsel (Doc. 9), and the matter is ready for review.

    II.   Discussion

       Habeas Corpus Rule 4 requires a *sua sponte* review of Section 2254 petitions.   "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer."   *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition."   *Day v. McDonough*, 547 U.S. 198, 209 (2006).

       Section 2254 petitions must generally be filed within one year after the criminal judgment becomes final.   *See* 28 U.S.C. § 2244(d)(1)(A).   A judgment becomes final "by the conclusion of direct review [*i.e.,* direct appeal] or the expiration of the time for seeking such review."   *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (quotation omitted).   The one-year limitation period can be extended:

    (1)      While a state habeas petition is pending, Section 2244(d)(2);

    (2)      Where unconstitutional state action has impeded the filing of a federal habeas

petition, Section 2244(d)(1)(B);

(3)    Where a new constitutional right has been recognized by the United States Supreme Court, Section 2244(d)(1)(C); or

(4)    Where the factual basis for the claim could not have been discovered until later, Section 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Petitioner challenges two separate criminal judgments. The First Judgment became final no later than August 29, 2013, and the Second Judgment became final no later than January 30, 2014. For simplicity, the Court assumes the one-year period started running on January 30, 2014, when all convictions were final. *See Locke v. Saffle*, 237 F.3d at1271-1273. There was no discernable state court activity during the next year. (Docket Sheet) in Related State Cases. Absent additional tolling, the one-year limitation period expired no later than January 30, 2015. Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).[2]

---

[2] The Supreme Court created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Petitioner never obtained state habeas relief, and his direct appeal period was never reopened.

The Court explained the above principles in its Screening Ruling, which set out the state court filing timeline along with the legal standards for statutory and equitable tolling.   (Doc. 5). Petitioner does not contest the above timeline of state court filings.   Construed liberally, his Response (Doc. 8) seeks equitable tolling and statutory tolling based on a lack of discovery and ineffective assistance by counsel.   Petitioner may also seek to overcome the time-bar by satisfying the "cause and prejudice" standard that applies to exhaustion and procedural default. The Court will address each argument below.

A.   Equitable Tolling

Equitable tolling is "a rare remedy to be applied in unusual circumstances."   *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015).   The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented him from timely filing.   *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).   "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."   *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).   He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed."   *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original).   *See also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling requires "specificity regarding the alleged lack of access and the steps [petitioner] took to diligently pursue his federal" petition).

(1) Prong One: Extraordinary Circumstances

Petitioner argues extraordinary circumstances prevented him from timely filing a federal

6

petition because he lacks access to transcripts and case documents. (Doc. 9) at 2-4. He also argues extraordinary circumstances exist based on attorney Jose "Joe" Coronado's failure to file a state motion to withdraw the plea.

*(i) Lack of Access to Transcripts and Files*

The Response alleges Petitioner asked four of his trial attorneys to surrender any case files, but only one provided "partial discovery." (Doc. 9) at 2. Petitioner further alleges he requested a copy of transcripts and the record from the state trial court when "he was already incarcerated for more than three years."[3] *Id.* at 3. The state trial court allegedly failed to provide records, even though Petitioner is entitled to free copies after six months of incarceration. *Id.* Petitioner argues he lacks a complete copy of his case documents "even today." *Id.* at 4.

The Tenth Circuit has repeatedly held that the lack of access to transcripts and case documents, without more, does not amount to an extraordinary circumstance. *See Kenneth v. Martinez*, 771 Fed. App'x 862, 865 (10th Cir. 2019) ("[T]his court has repeatedly rejected the argument that difficulty in obtaining trial records constitutes 'extraordinary circumstances' justifying equitable tolling"); *Bhutto v. Wilson*, 669 F. App'x 501, 503 (10th Cir. 2016) ("The failure to receive trial transcripts and certain other court documents to canvas the record for possible error does not constitute 'extraordinary circumstances' that would entitle [a petitioner] to equitable tolling."); *United States v. Denny*, 694 F.3d 1185, 1189, 1191-92 (10th Cir. 2012) (rejecting claim that attorney's delay in forwarding case records warrants equitable tolling);

---

[3] The Court has carefully reviewed the docket in each Related State Case, and there is no record that Petitioner filed a letter or motion requesting records during that time. (Docket Sheets) in Related State Cases. The state dockets reflect Petitioner filed his first state motion seeking records on September 7, 2021. (Motion for Production of the Court File) in Case No. D-307-CR-2011-00762. The Court will nevertheless accept Petitioner's allegation on its face, as doing so will not change the result in this case.

*Levering v. Dowling*, 721 Fed. App'x 783, 788 (10th Cir. 2018) (noting "difficulty in obtaining

trial court transcripts" is not an extraordinary circumstance warranting tolling); *Heinemann v.*

*Murphy*, 401 F. App'x 304, 311-12 (10th Cir. 2010) (rejecting the argument that "the

unavailability of a transcript warrants equitable tolling"); *Porter v. Allbaugh*, 672 Fed. App'x

851, 857 (10th Cir. 2016) ("*general* difficulties in obtaining trial transcripts and in accessing the

… law … fail to constitute *extraordinary* circumstances") (emphasis in original).

　　　　Even if the lack of access to transcripts/case documents could be construed as

extraordinary, Petitioner's Response fails to demonstrate such circumstance actually "prevented

him … from timely moving for relief" under 28 U.S.C. § 2254.   *See United States v. Tinsman*,

2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022) (addressing extraordinary circumstances).

The Response fails to specify what documents, if any, Petitioner needed to raise his claims for

involuntary plea, ineffective assistance by counsel, and double jeopardy.   To the extent Petitioner

discovered the existence of double jeopardy principles after a prisoner with similar charges

obtained relief in state court, such discovery is not an extraordinary circumstance warranting

relief.   (Doc. 1) at 7-8 (pointing to other inmates who raised a double jeopardy claim where

convictions involving kidnapping and criminal sexual penetration); *see also Jenkins v. Crow*, 820

Fed. App'x 773, 776 (10th Cir. 2020) (affirming finding of no extraordinary circumstances where

petitioner belatedly discovered a new legal principle that supports his claim); *Ramirez v.*

*Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019) ("any confusion or misunderstanding on

[Petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even

for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

　　　　The Response is also devoid of facts showing when Petitioner finally received most of his

records or what records (if any) he eventually obtained that allowed him to file a federal petition. (Doc. 9) at 4 (noting Petitioner lacks a complete copy of his case file "even today").   Hence, there is no way to calculate when tolling begins and ends.   To overlook the time-bar, the only option is to assume that tolling applies during the entire period between the finality of both Judgments in 2013/2014 and the filing of this case in 2023.   Such expansive application of tolling principles is inappropriate, particularly where there are no facts linking the lack of case documents to the inability to file a federal petition.   *See Al-Yousif v. Trani,* 779 F.3d 1173, 1179-80 (10th Cir. 2015) (reversing application of equitable tolling because inmate did not adequately explain or support claim with specific facts); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting equitable tolling for lack of specificity).

For all of these reasons, Petitioner has not demonstrated the alleged lack of access to discovery/documents constitutes an extraordinary circumstance.

### (ii) Ineffective Assistance by Counsel

"[C]ounsel's negligence is not generally a basis for equitable tolling."   *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007).   To demonstrate extraordinary circumstances, the petitioner must demonstrate an attorney's conduct constitutes "far more than … 'excusable neglect.'"   *Holland v. Florida*, 560 U.S. 631, 651-52 (2010).   For example, a "garden variety … miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id*.   "[C]lients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."   *Fleming*, 481 F.3d at 1255-56.   On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed."   *Trujillo*

*v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010).

Petitioner argues extraordinary circumstances exist based on the conduct of attorney Jose "Joe" Coronado.   (Doc. 9) at 6.   The show-cause Response states Petitioner retained Coronado in 2013 "to represent him at sentencing and State post-conviction proceedings to withdraw his plea."   *Id.*   Coronado was retained in Case No. D-307-CR-2010-637, while the state public defender continued to represent Petitioner in Case No. D-307-CR-2011-762.   *Id.*; *see also* (Docket Sheets and List of Attorneys) in the Related State Cases.   The show-cause Response alleges Petitioner asked Coronado to file a state motion to withdraw his plea on at least four occasions during jail visits or in telephone calls/letters.   *Id.*   Coronado purportedly assured Petitioner such motion was being prepared and that a ruling would take time.   *Id.* at 6-7. Petitioner alleges that in reality, Coronado never filed a state motion to withdraw the plea, and he ignored further contacts by Petitioner.   *Id.* at 7.

Assuming Coronado's performance was deficient in the state criminal proceeding, such circumstances could not impact the federal limitation period.   Coronado only represented Petitioner through the date of the state sentencing hearing in July of 2013 (*i.e,* before the start of the federal period).   The state trial court granted Coronado's motion to withdraw as counsel for Petitioner after the final sentencing hearing on July 5, 2013.   (Order Granting Motion to Withdraw as Attorney of Record) filed July 5, 2013 in Case No. D-307-CR-2010-637. Coronado did not represent Petitioner at any point during the pendency of the federal limitation period (*i.e.,* between August 30, 2013, when the First Judgment became final, and the end of 2014).   Hence, Petitioner cannot show Coronado prevented him from timely filing a *federal*

petition.[4]   *See Kraus v. Heimgartner*, 681 Fed. App'x 679, 683 (10th Cir. 2017) (alleged failure

of counsel with respect to "*state* petition provides no excuse for [petitioner's] failure to meet the

deadline for filing his *federal* habeas petition") (emphasis in original).   To the extent Petitioner

argues multiple attorneys were ineffective for failing to provide records, such argument cannot

demonstrate extraordinary circumstances for the reasons above.   *See Supra*, Section (ii); *Yang v.*

*Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) ("Equitable tolling is a rare remedy to be applied

in unusual circumstances, not a cure-all for an entirely common state of affairs.").

### (iii) Underlying Constitutional Violations

The Petition and Response also attempt to establish extraordinary circumstances by

pointing to alleged Due Process and Sixth Amendment violations that tainted his underlying

convictions.   (Doc. 1) at 8-9; *see also* (Doc. 9) at 4.   These arguments relate to the merits of

Petitioner's habeas claims.   They do not impact the analysis on equitable tolling.   *See United*

*States v. Greer,* 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of

[petitioner's] claim, he must show that he can satisfy the procedural requirements of [the habeas

statute]. The first of these barriers is timeliness.").   For each reason above, Petitioner has not

satisfied the first prong of the equitable tolling test.

### (2) Prong Two: Due Diligence

Alternatively, even if Petitioner could establish extraordinary circumstances, the Response

does not show due diligence.   *See Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir.

---

[4] Coronado's alleged failure to file a state motion to withdraw the plea before entry of the state Judgment
must be raised as a substantive claim for ineffective assistance of counsel and - like all substantive claims -
is subject to the federal limitation period.

Jan. 25, 2022) (a habeas petitioner must show both extraordinary circumstances and that he "diligently pursue[d] his federal claims while those circumstances existed"). The Response primarily focuses on each alleged circumstance that hindered Petitioners' ability to timely file a Section 2254 petition. The only facts in the Response that relate to diligence are as follows:

(a) "After termination of [each counsel's] representation" in 2013 or 2014, Petitioner "requested counsel to surrender any papers." (Doc. 9) at 2.

(b) "After sentencing [Petitioner] sent multiple request[s] to the Third Judicial District Court in order to obtain a copy of his court records case file…. At that time he was … already incarcerated for more than (3) three years." *Id.* at 3.

(c) Petitioner filed a state habeas petition on May 28, 2015. *Id.* at 5.

(d) On at least four occasions during jail visits or in telephone calls/letters, Petitioner asked his attorney Jose "Joe" Coronado about the status of a state motion to withdraw the plea. *Id.* at 6. As noted above, Coronado withdrew from representing Petitioner on July 5, 2013, before the start of the one-year period.

These circumstances fail to satisfy the due-diligence prong of the equitable tolling test. There is insufficient detail about when Petitioner requested records, and the Response fails to show he took any steps to obtain records during the relevant time period, *i.e.,* between August 29, 2013 and January 30, 2015. *See Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (inmate who encounters extraordinary circumstances must still show "he was pursuing his rights diligently throughout the one-year window"); *Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("what a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall"). There are also

no allegations that Petitioner worked on his *federal* petition before 2023 or that he even knew about Section 2254 relief until that time.   *See Phares v. Jones,* 470 Fed. App'x 718, 719 (10th Cir. 2012) (combination of head injury, administrative segregation, and lockdown not sufficient to warrant equitable tolling where the petitioner offered "no evidence or allegation that he took action on his [Section 2254] petition" before the limitations period expired).

Even assuming Petitioner took some steps during the one-year period, such that tolling could apply, he has not overcome the multi-year filing gap in this case.   This is not a situation where the federal petition was weeks or months late.   Petitioner filed the instant federal proceeding over nine years after the state criminal Judgments became final.   There was also a six-year gap in state court filing activity between the denial of his first state petition in 2015 and the filing of his second state petition in 2021.   (Docket Sheet) in Related State Cases. Petitioner's allegations that he requested documents at unspecified times and asked his counsel to file a state motion before withdrawing in 2013 are insufficient to show he diligently pursued his federal rights between 2014 and 2023.   *See Stovall v. Chaptelain*, 660 Fed. App'x 674, 677 (10th Cir. 2016) (rejecting tolling argument where petitioner was in lockdown for ten years because he did not "allege with specificity the facts he took to diligently pursue his federal claims" during that ten-year period).

For each alternative reason above, the Response fails to satisfy the equitable tolling test.

B.   Statutory Tolling

Petitioner also seeks statutory tolling under 28 U.S.C. § 2244(d)(1)(D).   That section governs the belated discovery of facts.   Under certain circumstances, the limitation period runs from "the date on which the factual predicate of the [federal habeas] claim … could have been

discovered through the exercise of due diligence."   28 U.S.C. § 2244(d)(1)(D).   The due-

diligence requirement uses an objective standard.   *See Madrid v. Wilson*, 590 Fed. App'x 773,

776 (10th Cir. 2014).   Courts must consider when a reasonably diligent petitioner could have

discovered the factual predicate of the claim, rather than when the movant actually discovered the

facts.   *Id.*

Petitioner appears to argue he did not discover the facts supporting his claims until he

obtained transcripts and records.   The Court cannot apply tolling under Section 2244(d)(1)(D),

for two reasons.   First, it is not possible to calculate the start of the limitation period under

Section 2244(d)(1)(D).   As noted above, the Response does not specify when Petitioner received

certain transcripts/records.

Alternatively, Petitioner has not shown the factual predicate for his claims - as distinct

from his legal argument - was unavailable between 2013 and 2015.   The Petition raises claims for

double jeopardy violations, ineffective assistance of counsel, and involuntary plea.   (Doc. 1) at

11-17.   Petitioner alleges counsel failed to file a state motion to withdraw the plea along with

other pretrial motions seeking dismissal based on speedy trial violations, etc.   *Id.*   As to the

double jeopardy claim, Petitioner would have known at the 2013 sentencing hearing that his

convictions included multiple counts of criminal sexual penetration and kidnapping.   He may

have learned later that a fellow inmate prevailed using a double jeopardy theory, but that does not

warrant statutory tolling.   (Doc. 1) at 7 (pointing to inmates with similar charges who obtained

state appellate relief); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Section

2244(d)(1)(D)'s focus is on the discovery of the factual basis of a claim, not on the discovery of

the legal basis supporting the claim).   As to the involuntary plea argument, the Response reflects

14

that Petitioner wished to withdraw his plea as early as 2013.   (Doc. 8) at 3-5.   Petitioner is in the

best position to know why his sentence and convictions were inconsistent with his expectations.

As to ineffective-assistance, the state docket reflects Petitioner raised that claim in 2015.

(Docket Sheet) in Related State Cases.   Petitioner knew between 2013 and 2015 that he was

generally dissatisfied with plea counsel's performance, even if he continued to develop legal

theories about what motions counsel could have filed.   Petitioner could have also raised a general

ineffective assistance of counsel claim in this Court and obtained the complete case file via the

State's answer.  *See* Habeas Corpus Rules 5 and 6(a) (requiring the State to provide state

records/transcripts in response to a timely habeas filing and authorizing additional discovery, if

needed).   To the extent Petitioner generally relies on the unavailability of transcripts and other

unspecified documents, such circumstances do not warrant an eight or nine-year application of

statutory tolling.  *See Rhodes v. Wyoming Dep't of Corr.*, 720 Fed. App'x 958, 960 (10th Cir.

2018) (the "delay in providing [the petitioner] a transcript of the trial court proceedings" ... is "not

the type of factual predicate necessary to justify application of [Section] 2244(d)(1)(D)").   For all

of these reasons, tolling is not available under Section 2244(d)(1)(D).

Petitioner also appears to seek statutory tolling under 28 U.S.C. § 2244(d)(1)(B) (state

impediment to filing).   To take advantage of that section, a petitioner must "allege specific facts

that demonstrate how [the state action] … impeded his ability to file a federal habeas petition."

*Weibley v. Kaiser*, 2002 WL 31478974, *3 (10th Cir. 2002).   The show-cause Response alleges

the state trial court failed to provide records, and "the State of New Mexico is notorious for

frustrating the exhaustion of State remedies."   (Doc. 8) at 3, 8.   The Petition further alleges

"systemic corruption" results in the unfair treatment of sexual abuse cases; the state prosecutor

engages in unconstitutional practices; and the state habeas rulings and/or state habeas screening system prevented Petitioner from adequately presenting his federal claims. *Id.* at 7-9.

The Court again notes that it is not possible to calculate tolling under Section 2244(d)(1)(B) because Petitioner's filings do not indicate when the state-created impediment to filing was removed. In any event, the allegations do not create an entitlement to statutory tolling. The alleged failure to provide transcripts/records is insufficient because Petitioner "fail[s] to explain who 'prohibited' him from getting the transcripts, how he was so prohibited, what transcripts he sought, how their absence prevented him from filing, [and] what steps he took to try to get them." *Franklin v. Oklahoma*, 2025 WL 869775, at *2 (10th Cir. Mar. 20, 2025) (addressing statutory tolling under Section 2244(d)(1)(B)). *See also Garcia v. Hatch*, 343 Fed. App'x 316, 318–19 (10th Cir. 2009) (allegation that state failed to provide unspecified "legal documents" is not enough to satisfy Section 2244(d)(1)(B)). To the extent Petitioner complains about his attorneys' behavior, such actions "cannot properly be … attributable" to the State for purposes of [Section] 2244(d)(1)(B)." *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011). Finally, Petitioner's general allegations regarding corruption or defective state habeas procedures do not show he was "incapable of filing a timely [federal] petition." *Garcia v. Hatch*, 343 Fed. App'x 316, 318–19 (10th Cir. 2009). This is particularly true here, where the one-year period expired before Petitioner filed his first state habeas petition. Statutory tolling is therefore not available under Section 2244(d)(1)(B).

C.    "Cause and Prejudice" Standard to Overcome a Procedural Default

Before raising tolling arguments, Petitioner acknowledged the time-bar in his opening pleading but alleges there is "cause and prejudice" to overcome the procedural default. (Doc. 1)

at 9.   Specifically, he attempts to overcome any procedural default based on ineffective

assistance by his state counsel.   *Id.*

A procedural default occurs when the state court has rejected a habeas claim based on a

state procedural rule, rather than on the merits.   *See Tryon v. Quick*, 81 F.4th 1110, 1139 (10th

Cir. 2023).[5]   The cause-and-prejudice standard is generally only applicable where federal habeas

claims are procedurally defaulted, *i.e.,* where the claim was dismissed (or is subject to dismissal)

based on the failure to comply with a *state* rule.   *See Waliallah v. Meyer,* 2023 WL 6141137, at

*2 (10th Cir. Sept. 20, 2023) (describing a situation where petitioner "would be procedurally

barred from exhausting [a Section 2254 claim] in state court and cannot demonstrate cause and

prejudice to excuse the procedural default").

This Court is not relying on a state procedural rule to dismiss the Petition.   Rather, the

Court is applying the *federal* statute of limitations to Petitioner's case.   The federal time-bar

therefore cannot be overcome by satisfying the "cause and prejudice" standard applicable to a

procedural default.   *See United States v. Robinson*, 762 Fed. App'x 571, 576 (10th Cir. 2019)

(courts "have uniformly rejected the proposition that … [a] procedural-default exception pertains

to a petition's timeliness"); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("a procedural

default … does not apply to AEDPA's statute of limitations or the tolling of that period."); *Shank

v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (establishing cause and prejudice

"excuses procedural default … not … late filing."); *Taylor v. Eppinger*, 2017 WL 5125666, at *2

(6th Cir. June 2, 2017) ("procedural default … is inapplicable here, where the limitations period

---

[5] Petitioners outside of New Mexico can also encounter an anticipatory bar, which refers to an
"unexhausted claim that would be procedurally barred under state law if the petitioner returned to state
court to exhaust it."   *Id.* (citing *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007)).

is at issue[,]"); *Bland v. Superintendent Greene SCI*, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017) (same).

    D.  Actual Innocence Exception

Construed liberally, Petitioner's reference to cause and prejudice may also implicate the actual-innocence exception. (Doc. 1) at 9. Showing actual innocence is one way to overcome a procedural default. *See Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). However, "actual innocence, if proved, [also separately] serves as a gateway through which a petitioner may pass" if his Section 2254 petition would otherwise be barred by the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Court therefore assumes Petitioner invokes the actual innocence exception as it relates to the time-bar.

"Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quotations omitted). The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quotations omitted).

Petitioner has not offered any new evidence that could be weighed alongside the old evidence, nor does he explicitly deny the underlying conduct. His theory of this case is that his kidnapping convictions were merely incidental to criminal sexual penetration and are therefore duplicative. (Doc. 1) at 36. He also believes he would have received a better plea deal or overall outcome, had counsel pursued a double jeopardy argument and/or if the state prosecutors

18

were not biased against sex offenders.  *Id.* at 12-14.   These arguments cannot be used to invoke the exception because they relate to alleged legal defects, rather than factual innocence.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency.")

     E.  <u>Conclusion and Certificate of Appealability</u>

In sum, the Petition (Doc. 1) and show-cause Response (Doc. 8) fail to show an entitlement to equitable tolling, statutory tolling, or an actual-innocence gateway claim.   The one-year habeas limitation period expired no later than January 30, 2015.   The Section 2254 Petition filed on May 31, 2023 is time-barred by over eight years.   The Court will dismiss the Petition (Doc. 1) with prejudice.   The Court will also deny Petitioner's pending Motion to Appoint Counsel (Doc. 9) as moot.   Petitioner has not made a preliminary entitlement to tolling or otherwise demonstrated that counsel is necessary in this case.   *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008) (Unless and until an evidentiary hearing is held, there is no constitutional right to counsel in a habeas proceeding).   The Court will finally deny a certificate of appealability (COA) under Habeas Corpus Rule 11.   Based on each alternative ruling above, this ruling is not reasonably debatable.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

     IT IS ORDERED:

     1.   Petitioner Luis Cobarrubia's Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) is dismissed with prejudice as time-barred.

     2.   The Motion to Appoint Counsel (Doc. 9) is denied.

3.  A certificate of appealability is denied.

4.  The Court will enter a judgment closing the civil habeas case.


/s/_____
KENNETH J. GONZALES[6]
CHIEF UNITED STATES DISTRICT JUDGE

---

6 Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.